# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANNY NAIL,**

       **Plaintiff,**

**v.**                                      **Case No: 6:17-cv-1462-Orl-37GJK**

**GOVERNMENT EMPLOYEES**
**HEALTH ASSOCIATION, INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT (Doc. No. 44)
>
> **FILED:** January 4, 2018
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

> **MOTION:** PLAINTIFF'S MOTION TO STRIKE ALL OR PART OF DEFENDANT, U.S. OFFICE OF PERSONNEL MANAGEMENT'S, REPLY TO PLAIN[TI]FF'S RESPONSE TO MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT (Doc. No. 55)
>
> **FILED:** April 5, 2018
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED AS MOOT**.

- 2 -

**I.     PROCEDURAL HISTORY.**

On October 26, 2017, Plaintiff filed a Third Amended Complaint against Defendant based on Defendant upholding the denial of Plaintiff's request for health insurance coverage for a prostate ablation. Doc. No. 1. On January 4, 2018, Defendant filed its "Motion to Dismiss or, Alternatively, Motion for Summary Judgment" (the "Motion"). Doc. No. 44. On January 30, 2018, Plaintiff filed his response to the Motion. Doc. No. 48. On March 20, 2018, Defendant, after receiving the Court's permission, Doc. No. 53, filed its reply to the response. Doc. No. 54. On April 5, 2018, Plaintiff filed a motion to strike the reply (the "Motion to Strike"). Doc. No. 55. On April 17, 2018, Defendant filed its response to the motion to strike the reply. Doc. No. 56.

**II.    FACTS.**[1]

The Government Employees Health Association ("GEHA") issued a health insurance policy to Plaintiff. Doc. No. 32 at ¶¶ 3, 6. Plaintiff was diagnosed with a prostate tumor and localized prostate cancer, and on February 4, 2016, submitted a pre-authorization request for a prostate ablation to eradicate and remove the tumor using Sonablate High Intensity Focused Ultrasound ("HIFU"). *Id.* at ¶ 10.

"[O]n March 29, 2016, GEHA received a fax from 'JoAnne C', a case analyst for the Medical Review Institute of America ('MRIoA'), purporting to find that Plaintiff[]'s, HIFU procedure was not approved and/or covered under the GEHA Policy." *Id.* at ¶ 14. The MRIoA representative, in evaluating Plaintiff's request for preauthorization, purportedly fully analyzed the following information in sixty minutes:

---

[1] The facts are taken from the allegations in the complaint. *See Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000).

> (1) [Plaintiff's] February 4, 2016 email; (2) billing information; (3) a March 23, 2015 letter reviewing Sonablate; (4) a February 2, 2016 letter of medical necessity; (5) [Plaintiff's] March 25, 2016 letter with attached medical records; (6) an October 5, 2015 MRI report regarding [Plaintiff's] prostate; (7) a January 21, 2016 MRI fusion and USG prostate report; (8) a January 21, 2016 prostate, biopsy report; (9) a March 23, 2016 MRI report regarding [Plaintiff's] prostate; and, (10) selected language chosen by GEHA to reflect "Plan language".

*Id.* at ¶ 15. Also within that sixty-minute period, the MRIoA representative researched, analyzed and relied upon seven "References;" answered five questions Defendant submitted; and conducted a conflict-of-interest analysis. *Id.* at ¶¶ 16, 17.

On March 30, 2016, GEHA denied the pre-authorization request, stating that an outside consultant found that the HIFU procedure was not medically necessary and the current evidence on the procedure's use in cancer patients was "of low quality, rendering it difficult to draw conclusions about its efficacy." *Id.* at ¶ 28. Plaintiff alleges that GEHA did not use an outside consultant to determine coverage and that the MRIoA representative "has a long-standing relationship with GEHA, but [the representative] did not conduct an independent or thorough analysis about the matter under review before rendering her 'opinion', she merely made a determination that fit GEHA's desired result." *Id.* at ¶ 19.

On May 5, 2016, Plaintiff sent a letter to GEHA stating the following: (1) "why the HIFU procedure was medically necessary for his condition and need for the prostate ablation; (2) . . . that he had already provided multiple pathology opinions and medical records confirming the medical necessity of the HIFU procedure; and, *inter alia*, (3) attached documented evidence that rebutted the benefits determination made in the March 30, 2016 letter . . . ." *Id.* at ¶ 20. On May 12, 2016, Plaintiff provided GEHA with more recent and widespread information than the seven "References" the MRIoA representative relied upon. *Id.* at ¶ 21.

On May 17, 2016, a different MRIoA representative informed GEHA that the pre-authorization request was not approved or covered under the GEHA policy. *Id.* at ¶ 22. Plaintiff alleges that the MRIoA representative's "evaluation report relied on outdated references and, despite noting that four (4) of [Plaintiff's] letters had been provided for the MRIoA representative's review, the final report reflected no analysis or consideration of the more recent literature, data and FDA's approval that [Plaintiff] previously cited in his letters." *Id.* at ¶ 23. On May 23, 2016, GEHA denied the pre-authorization request and stated that its "'Medical Director and two outside Medical consultants' [*sic*] determined that the HIFU procedure is not supported by credible scientific evidence, is not medically necessary and is not considered consistent with generally accepted standards of medical practice in the United States for 'the treatment of prostate cancer'." *Id.* at ¶ 24 (quoting Ex. J to the Third Am. Compl.). GEHA's letter to Plaintiff did not refer to Plaintiff's "request for an ablation of his tumor . . . ." *Id.* Plaintiff alleges that the MRIoA representatives were not "outside Medical consultants," but instead "have long-standing relationships with GEHA [and] did not conduct a thorough, independent analysis or analyze all the current literature related to the matter under review before rendering an 'opinion'; they merely made a determination that fit GEHA's desired result." *Id.* at ¶ 25.

On June 23, 2016, Plaintiff complied with the directions in GEHA's letter regarding reviewing GEHA's decision by appealing to Defendant. *Id.* at ¶ 26. Defendant "is a governmental agency that administers and/or addresses disputed claims regarding the Federal Employees Health Benefits Program, including in particular disputed claims covered under" GEHA. *Id.* at ¶ 3. In his appeal, Plaintiff stated that GEHA and the MRIoA representatives "ignored clear Policy language, at Section 5(b), p. 46 of the Policy, which unequivocally provides coverage for 'operative procedures and removal of tumors' (like the tumor ablation for which [Plaintiff] continuously

sought approval)." *Id.* at ¶ 26. Plaintiff alleges that "GEHA never provided the MRIoA representative(s) the Policy language at Section 5(b), p. 46 of the Policy; instead, GEHA selected other Policy language regarding cancer treatment procedures upon which the MRIoA representatives solely relied, without actually doing an independent review of the full Policy and/or documentation provided by" Plaintiff. *Id.* at ¶ 27.

On August 30, 2016, Defendant advised Plaintiff that it would not grant the appeal and could not direct an authorization of benefits. *Id.* at ¶ 29. Defendant stated the following from an "Independent Physician Consultant's" report:

> "The consensus amongst experts is that this treatment requires additional investigation, therefore it is considered to be experimental/investigational under the plan's definition. The authors of UpToDate state: " ... HIFU has not been compared with standard treatment approaches in randomized trials, nor is it included in guidelines for the initial management of men with prostate cancer ... " The National Comprehensive Cancer Network Guidelines state " ... Other emerging local therapies, such as high intensity focused ultrasound (HIFU) ... also warrant further study ... "

*Id.* (quoting Ex. B to the Third Am. Compl. (ellipses in original)). Finally, Defendant advised Plaintiff of his right to seek review of the decision in federal court. *Id.* at ¶ 30. Plaintiff alleges that Defendant:

> did not use an "Independent Physician Consultant" to assist in this coverage decision; instead, it used a Physician that: (1) has a long-standing relationship with [Defendant]; (2) conferred with [Defendant] about the matter under review before rendering the alleged "report"; and, (3) has been paid a considerable amount of money by [Defendant] to provide other coverage opinions/denials pursuant to other insured's policies.

*Id.* at ¶ 32.

Based on these allegations, Plaintiff asserts two claims against Defendant: declaratory judgment and breach of contract. *Id.* at 9-11. Under Count I, Declaratory Judgment, which is

brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, and Florida Statutes, Chapter 86, Plaintiff asks that the Court, among other things, declare that Defendant:

> by virtue of its failure to approve the HIFU procedure for [Plaintiff's] tumor ablation be required to reverse its prior denial under the subject GEHA policy as required by Florida law; [and . . . e]nter an order that by virtue of such violation of Florida law, that the Defendant . . . is estopped from denying Plaintiff major medical coverage in any respect that relates to the HIFU procedure and/or tumor ablation . . . .

*Id.* at ¶ 41.

Under Count II, Breach of Contract, Plaintiff alleges that Defendant "failed to properly process and authorize payment of [Plaintiff's] HIFU procedure, and any and all related, reasonable medical expenses." *Id.* at ¶ 42. Plaintiff asserts that this improper coverage denial "constitutes a breach of the subject Policy of insurance." *Id.* at ¶ 43. Plaintiff asks that the Court award him $25,000 in damages. *Id.* at 11. Under both counts, Plaintiff seeks his attorney's fees and costs under Florida Statutes sections 627.6698, 641.28 and 627.428. *Id.* at 10, 11.

### III.    LAW.

When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

## IV. <u>ANALYSIS</u>.

The Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901–14, "create[s] a comprehensive program of subsidized health care benefits for federal employees and retirees." *Muratore v. U.S. Office of Pers. Mgmt.*, 222 F.3d 918, 920 (11th Cir. 2000). Under it, Defendant administers the health care benefits program "'by contracting with qualified private carriers to offer a variety of health care plans, 5 U.S.C. § 8902, . . . and by interpreting the plans to determine the carrier's liability in an individual case, [5 U.S.C.] § 8902(j).'" *Id.* (quoting *Kobleur v. Grp. Hospitalization & Med. Servs.*, 954 F.2d 705, 709 (11th Cir. 1992)). If a carrier denies coverage, then the claimant must appeal to Defendant for review of the denial. *Id.* If Defendant denies coverage, then the claimant may appeal that denial to the federal district court. *Id.* Under 5 C.F.R. § 890.107(c), the claimant's recovery in federal district court is limited to "a court order directing [Defendant] to require the carrier to pay the amount of benefits in dispute."

FEHBA contains an express preemption clause, found in 5 U.S.C. § 8902(m)(1), which states that "'FEHBA contract terms that 'relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits)' preempt any state laws that 'relate[ ] to health insurance or plans.'" *Truell v. Blue Cross & Blue Shield of Fla., Inc.*, No. 8:08-CV-103-T-24TGW, 2008 WL 11336248, at *3 (M.D. Fla. Mar. 31, 2008) (quoting 5 U.S.C. § 8902(m)(1)). "[U]nder § 8902(m)(1) . . ., state law—whether consistent or inconsistent with federal plan provisions—is displaced on matters of 'coverage or benefits.'" *Empire HealthChoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 686 (2006); *Barnes v. Humana, Inc.*, No. 8:09-CV-524-T-30MAP, 2009 WL 10670047, at *3 (M.D. Fla. May 26, 2009) (plaintiff's claims based on a right to recover benefits under the FEHBA plan were intertwined with the benefits decision and thus FEHBA preempted them).

Although Plaintiff couches his claims as ones for declaratory judgment and breach of contract, Plaintiff is clearly seeking review of Defendant's decision upholding GEHA's denial of coverage. His dispute with Defendant is one regarding a denial of benefits for which Defendant's regulations provide the exclusive remedy. *Truell*, No. 8:08-CV-103-T-24TGW, 2008 WL 11336248, at *3. That exclusive remedy is "a court order directing [Defendant] to require the carrier to pay the amount of benefits in dispute." 5 C.F.R. § 890.107(c). It is not a declaratory judgment that Defendant be required to reverse its denial and that it is estopped from denying the coverage and damages of $25,000 for breach of contract, as Plaintiff requests in the Third Amended Complaint. Doc. No. 44 at 10-11. As Plaintiff's claims are preempted by 5 U.S.C. § 8902(m)(1), the Third Amended Complaint fails to show that he is entitled to the relief that he requests.[2]

Accordingly, it is **RECOMMENDED** as follows:

1. That the Motion (Doc. No. 44) be **GRANTED IN PART AND DENIED IN PART** as follows:

    a. That the Complaint be dismissed without prejudice;

    b. That Plaintiff be given fourteen days from the date of the order to file an amended complaint;

    c. That in all other respects, the Motion be **DENIED**; and

2. That the Motion to Strike (Doc. No. 55) be **DENIED** as moot, as the Reply played no part in determining the Motion.

---

[2] Dismissal of the Third Amended Complaint renders moot Defendant's alternative request that it be granted summary judgment.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on April 23, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties